UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE KIRBY,

        Plaintiff,        CASE NO. 16-13868
                                HON. DENISE PAGE HOOD

v.

FITZGERALD PUBLIC SCHOOLS
DISTRICT,

        Defendant.
_____/

## ORDER REGARDING VARIOUS MOTIONS

**I.    BACKGROUND**

On October 31, 2016, Plaintiff Darlene Kirby ("Kirby") filed a Complaint *pro se* against Defendant Fitzgerald Public Schools District ("Fitzgerald"). The Complaint is difficult to understand but seems to allege an ERISA claim, a procedural due process claim under 42 U.S.C. § 1983, and a gender discrimination claim under Title VII. (Doc # 1) Fitzgerald filed an Answer on December 15, 2016. (Doc # 12) On December 22, 2016, Fitzgerald filed a Motion for Judgment on the Pleadings. (Doc # 14) On January 9, 2017, Kirby filed a document titled "Motion for Judgment on the Pleading Pursuant to Fed. R. Civ. P. 12(4)(f)" (Doc # 17), though it does not contain any argument related to a motion for judgment on the pleadings. On February 13, 2017, Kirby filed a Motion for Judgment for

1

Relief. (Doc # 19) On February 15, 2017, the Court held a hearing on the motions. On February 24, 2017, Kirby filed another Motion for Judgment Pleading of Relief. (Doc # 23) On June 22, 2017, Kirby filed another motion titled Motion Pleading. (Doc # 27) On June 23, 2017, Fitzgerald filed a Motion to Strike Kirby's Motion Pleading. (Doc # 28) On July 26, 2017, Kirby filed a Motion for Dispositive Order to Dismiss the Entirety of Defendant's Motion for Judgment on the Pleadings. (Doc # 34) On July 27, 2017, Fitzgerald filed a Response and Motion that Plaintiff be Prohibited from Filing Further Documents Without First Convening a Conference with the Court and Undersigned Counsel. (Doc # 36)

Kirby began working for Fitzgerald as a bus driver on or about August 28, 2015. (Doc # 1, Pg ID 10) According to Fitzgerald, Kirby was hired as a substitute bus driver (Doc # 14-3, Pg ID 74; Doc # 14-4, Pg ID 83), and it is not clear from the Complaint whether Kirby disputes the substitute status. According to Fitzgerald, substitute bus drivers are not members of a union and are not able to bid on bus routes. *Id.* Substitute bus drivers are assigned based on the daily needs of the school district when a union member is not able to complete a route. *Id.* The Complaint does not allege that Kirby is a union member, and it alleges that Kirby never received a "Transportation 1305 contract." (Doc # 1, Pg ID 6) Kirby alleges, however, that she requested union representation after a school bus

accident, and that she is a member of the Michigan Public Schools Employee Retirement System. *Id.* at 4. It is unclear whether Kirby believes she is a union member.

Kirby alleges that she was involuntarily enrolled in the Office of Retirement Service's pension plan and the personal health care plan, both requiring employee contributions without joint contributions from either the employer or the union. *Id.* at 9. According to Kirby, Melanie Rainwater ("Rainwater"), Director of Human Resources, Facilities, and Transportation, forced her to sign a New Hire Election Form on December 7, 2015 making the aforementioned benefit elections in order to prevent her from receiving the employee benefits available to union members. *Id.* at 9-10, 13; Doc # 14-3, Pg ID 75.

Kirby alleges that Laura Victory ("Victory"), Transportation Supervisor, discriminated against her and harassed her because of her gender. (Doc # 1, Pg ID 7; Doc # 14-3, Pg Id 75) Kirby alleges that Victory reassigned her bus route on December 8, 2015 to co-worker Jerome Lyle ("Lyle"), a male substitute bus driver who allegedly had "less seniority." (Doc # 1, Pg ID 7; Doc # 14-4, Pg ID 83) Kirby alleges that she completed the Fitzgerald School Bus Training Program several weeks before Lyle. (Doc # 1, Pg ID 7-8) Kirby's new bus route had fewer stops, which resulted in less work hours per week. *Id.* at 8. According to the Complaint, Victory also harassed Kirby by requiring her to do tasks that were not a

part of her job. Kirby alleges that Victory informed Kirby that she could work additional hours per week by cleaning and fueling the fleet of school buses. *Id.* at 8. According to MDCR investigation records, documentation showed that these extra tasks that were offered, but not required of Kirby, were indeed a part of Kirby's job description. (Doc # 14-4, Pg ID 80) Further, Kirby confirmed that she did not report any alleged harassment to Fitzgerald. *Id.*

According to MDCR investigation records, Victory and Rainwater, both women, are the same supervisors who hired Kirby in September 2015. (Doc # 14-4, Pg ID 79) Fitzgerald's transportation department includes 11 female employees and 6 male employees. *Id.*

According to the Complaint, Fitzgerald has not terminated Kirby's employment, though the Complaint also alleges that her last date of work was January 5, 2016. *Id.* at 2, 15. On January 5, 2016, Kirby admittedly drove a school bus into collision with a tree, which was captured on video. *Id.* at 2-3. According to the Complaint, Kirby has been unable to obtain an answer from Fitzgerald regarding whether she has been terminated. *Id.* at 10.

On January 22, 2016, Kirby filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") / MDCR alleging race[1] and

---

[1] The sole mention of race discrimination in the Complaint is an allegation that Kirby's Charge of Discrimination filed with the EEOC/MDCR alleged both race and gender discrimination. (Doc # 1, Pg ID 12) The MDCR investigation record shows that both Kirby and Lyle are

gender discrimination. (Doc # 14-2) Kirby alleges that EEOC/MDCR handled its investigation in an improper manner. According to the Complaint, MDCR failed to give Kirby an opportunity to provide evidence to substantiate her claims and failed to investigate her allegations regarding being forced to make certain employment benefit elections. (Doc # 1, Pg ID 12) Kirby's Charge of Discrimination alleges that her bus route was reassigned to a male co-worker who had less seniority. (Doc # 14-2, Pg ID 72) It further alleges that Kirby was subjected to harassment that created a hostile work environment when her Caucasian supervisor asked her to perform tasks that were not a part of her job description. *Id.* Kirby's Charge was dismissed, and a Notice of Rights letter issued on July 28, 2016. (Doc # 14-5)

## II. ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(c) authorizes parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are

---

African American, and that Kirby withdrew her race discrimination charge: "Claimant informed this agency that she does not want to address her allegations in reference to race. Only sex will be investigated by claimant's request." (Doc # 14-4, Pg ID 79, 81) The Complaint does not contain any race discrimination allegations. In any event, the Court notes that because Kirby withdrew the race discrimination charge, it was not exhausted and would have to be dismissed. *See Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002) ("[T]he general rule in this circuit . . . is that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.") (internal quotations omitted).

5

analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (internal citation and quotation marks omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.*

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 562).

When deciding a 12(c) motion for judgment on the pleadings, as a general rule, matters outside the pleadings may not be considered unless the motion is

converted to one for summary judgment under Fed. R. Civ. P. 56. *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). The Court may, however, consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Id.* at 89.

Federal courts hold *pro se* complaints to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* litigants are not excused from failing to follow basic procedural requirements. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan*, 468 U.S. 42, 50 (1984).

**B. ERISA Claim**

Fitzgerald argues that any ERISA claim should be dismissed because ERISA does not apply to governmental plans maintained by the government of any state. Kirby does not respond to this argument.

Under the plain language of the statute, ERISA "shall not apply to any employee benefit plan if . . . such a plan is a governmental plan." 29 U.S.C. § 1003(b)(1). "The term 'governmental plan' means a plan established or

maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." *Id.* at § 1002(32).

Kirby alleges that she is a member of the Michigan Public Schools Employee Retirement System, which is maintained by the State of Michigan. As such, it is a governmental plan, and ERISA's provisions do not apply to it. The Court dismisses any ERISA claim.

### C. Due Process Claim

Fitzgerald argues that any procedural due process claim should be dismissed because reassignment from one bus route to another does not trigger procedural due process concerns. Fitzgerald further argues that Kirby has not pled that any policy, practice, or custom of Fitzgerald caused any alleged constitutional deprivation. Kirby does not respond to these arguments.

"The first step in determining whether procedural due process has been denied is to ask whether there exists a liberty interest or property interest which has been interfered with by the defendants. If the court determines that there has been such a deprivation, the remaining question is what process is due." *Jackson v. City of Columbus*, 194 F.3d 737, 749 (6th Cir. 1999). Tenured public employees have a property interest in continued employment, but suspension of a tenured public employee with pay avoids due process problems entirely. *Id.* (citing *Cleveland Bd.*

8

of Educ. v. Loudermill*, 470 U.S. 532 (1985)). In this case, Kirby does not allege that she was a tenured employee, or that she was terminated or suspended without pay. Rather, Kirby alleges that was reassigned to a different bus route involving less work hours per week, and the record shows that she was offered, though not mandated to do, other tasks included in her job description as a way to work additional hours. The Court finds that, under these circumstances, no procedural due process concerns are triggered.

In order for a municipality to be liable under Section 1983 there must be some evidence that "the execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[T]he touchstone of the 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Id.* at 690. In this case, Fitzgerald correctly notes that Kirby has not alleged that a policy, practice, or custom of the school district caused her alleged constitutional deprivation—let alone identify any specific policy, practice or custom of the school district.

For these reasons, the Court dismisses any due process claim against Fitzgerald.

**D. Title VII Claim**

Fitzgerald argues that Kirby has not adequately pled a disparate treatment gender discrimination claim or a harassment claim. Kirby does not respond to these arguments.

**1. Disparate Treatment**

An employee may prove gender discrimination using the familiar burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973): the employee has the initial burden of establishing her *prima facie* case; if she does so, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions; finally, the employee has the burden of rebutting the employer's proffered reasons by showing them to be pretextual. *See Russell v. Univ. of Toledo*, 537 F.3d 596, 604 (6th Cir. 2008).

To make out a *prima facie* of discrimination, the plaintiff must establish by a preponderance of the competent evidence that: (1) she is a member of the protected group; (2) she suffered an adverse employment action; (3) she was qualified for the position; and (4) she was replaced by a person outside of the protected class. *Id.*

Drawing all inferences in favor of Kirby and accepting her allegations as true, the Court finds that Kirby has sufficiently alleged a *prima facie* case of gender discrimination. She is a woman—a member of a protected group. Her

work hours were reduced when she received a less desirable bus route assignment—an adverse employment action. Kirby had been driving her previous bus route for four months when she was reassigned, prior to her bus accident, and there is nothing indicating any performance issues at the time of her reassignment or that she was not qualified for the position. Lastly, Kirby was replaced by Lyle, a male substitute bus driver—a person outside of the protected class.

Having decided that Kirby has sufficiently alleged a *prima facie* case, the burden shifts to Fitzgerald to articulate a legitimate, non-discriminatory reason for reassigning Kirby. Fitzgerald asserts that Kirby was reassigned because she is a substitute bus driver, and the district re-routes substitute bus drivers on an as-needed basis, based on the changing needs of the district. Fitzgerald further asserts that when Kirby was hired, there was significant road construction that had to be accommodated. All drivers were advised repeatedly that the routes impacted by the construction were temporary. When the construction ended, various routes were changed and re-assigned, which impacted several drivers—not just Kirby. Accordingly, the burden shifts back to Kirby to demonstrate that Fitzgerald's purported reasons for the reassignment are pretextual.

"Plaintiffs may show that an employer's proffered reasons for an adverse employment action are pretext for discrimination if the reasons '(1) have no basis in fact; (2) did not actually motivate the action; or (3) were insufficient to warrant

11

the action.'" *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 431 (6th Cir. 2014) (citing *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 285 (6th Cir. 2012)). In this case, Kirby would have to show that Fitzgerald's proffered reasons did not actually motivate her reassignment. Fitzgerald argues, and the Court agrees, that on this point, Kirby does no more than state conclusions. According to Kirby, she took over a male driver's route when she was first hired and assigned to the bus route. Her supervisor, Victory, is a woman and was the administrator who hired Kirby and assigned her to that initial route. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) ("An individual who is willing to hire and promote a person of a certain class is unlikely to fire them simply because they are a member of that class."). The record shows that approximately two thirds of Fitzgerald's Transportation Department employees are women and only one third are men. Kirby asserts that Lyle had less seniority than she did, but according to the Complaint, Kirby and Lyle completed the same training program within weeks of each other. The record indicates that they were both substitute bus drivers at the same level. The Court finds that the factual allegations in the Complaint are not enough to raise Kirby's alleged right to relief above the speculative level.

**2. Harassment**

The Sixth Circuit has held that

in order for a plaintiff to establish a *prima facie* Title VII claim of hostile environment sexual harassment by a coworker, she must demonstrate that the following elements of the statutory tort are present: (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based upon sex; (4) the harassment unreasonably interfered with the plaintiff's work performance or created a hostile or offensive work environment that was severe and pervasive; and (5) the employer knew or should have known of the sexual harassment and failed unreasonably to take prompt and appropriate corrective action.

*Fenton v. HISAN, Inc.*, 174 F.3d 827, 829-30 (6th Cir. 1999).

In this case, even assuming *arguendo* that Kirby has established the first three elements, drawing all inferences her favor, and accepting her allegations as true, the Court finds that Kirby has not sufficiently alleged the fourth or fifth elements. She does not allege facts showing that the reassignment to another bus route and offer to work additional hours by cleaning and fueling school buses unreasonably interfered with her work performance, or created a hostile or offensive work environment that was *severe and pervasive*. Further, Kirby herself confirmed that she did not report any alleged harassment to Fitzgerald. She does not allege any facts from which the Court could infer that Fitzgerald should have known of any harassment.

For these reasons, the Court dismisses any Title VII claim.

### E. Kirby's Motion for Judgment on the Pleading (Doc # 17)

Kirby cites "Fed. R. Civ. P. 12(4)(f)" in her Motion. (Doc # 17) The Court notes that there is no such rule. Kirby titles her Motion a "Motion for Judgment on

the Pleadings." The substance of her Motion is difficult to understand. Plaintiff seems to assert that Defense Counsel used "scandalous lawyer tactics" in asking Kirby to make a settlement offer and filing their Motion for Judgment on the Pleadings for the purpose of diverting Kirby from obtaining discovery. The Court finds that nothing in the record suggests that Defense Counsel used inappropriate tactics. Rather, Kirby attaches a letter from Defense Counsel, dated December 14, 2016, which states:

> Thank you for speaking with me today. As I indicated, under the Local Court Rules, I had to seek concurrence before filing a motion to dismiss. I do intend on filing a motion asking for this matter to be dismissed in the next 7 days. If you wanted to make a reasonable settlement offer beforehand, which would be conditioned upon a signed release and dismissal of the lawsuit, I am happy to discuss with my client.

*Id.* at 101.

Plaintiff's ultimate request is unclear. She seems to be asking the Court to give her additional time to obtain discovery and submit additional evidence for the Court's consideration. Given that the Court finds that Kirby has failed to state any viable claim in her Complaint, as discussed above, the Court denies this request, as well as Kirby's Motion for Judgment on the Pleadings.

### F. Kirby's Motion for Judgment for Relief (Doc # 19)

Kirby's Motion for Judgment for Relief (Doc # 19) is difficult to understand and consists of a recitation of facts and conclusions from Kirby's point of view.

The Motion does not respond to any of the arguments discussed above nor does it provide any legal authority or analysis that could entitle Kirby to relief. The Court notes that this Motion does not comply with Local Rules 5.1 or 7.1. *See* E.D. Mich. LR 5.1, 7.1.

The Motion includes mentions of age discrimination and focuses mostly on allegations that Fitzgerald improperly enrolled Kirby in a pension plan. As noted above, Kirby's Charge of Discrimination filed with the EEOC/MDCR alleged only race and gender discrimination, and she withdrew the race discrimination charge. Any age discrimination claim or claim based on any adverse employment action related to Kirby's pension was not properly exhausted and is therefore dismissed. *See Weigel*, 302 F.3d at 380.

Kirby repeatedly states that she was involuntarily and improperly enrolled in the state pension system. However, Fitzgerald correctly notes that, under Michigan law, the state retirement system includes an automatic enrollment feature. *See* Mich. Comp. Laws § 38.1431a. Further, Kirby signed a form from the State of Michigan Office of Retirement Services, which she attaches to her motion, acknowledging the automatic enrollment starting on her first day worked. (Doc # 19, Pg ID 118) Fitzgerald also correctly notes that, to the extent Kirby's pension has been administered in any improper manner, the pension system is maintained and administered by the State of Michigan and not by Fitzgerald.

Several of Kirby's Motions also suggest that she is a member of Local Union 1305; however, documentation attached to her own Motions indicates that she was hired as an at-will, substitute bus driver. Fitzgerald represents that both Fitzgerald and the union have repeatedly told Kirby that she was not and is not a member of the union. If the Local Union 1305 Collective Bargaining Agreement has been breached, Kirby is required to exhaust the grievance procedure outlined in the Agreement before proceeding to the courts.[2] Kirby has not even alleged that she has done so. Therefore, any claim regarding her union membership status fails. *See Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO Michigan Council 25 v. Highland Park Bd. of Educ.*, 214 Mich. App. 182, 187 (1995), *aff'd,* 457 Mich. 74 (1998); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965).

The Court denies Kirby's Motion for Judgment for Relief (Doc # 19).

**G. Kirby's Motion for Judgment Pleading of Relief (Doc # 23)**

Kirby's Motion for Judgment Pleading of Relief (Doc # 23) is difficult to understand and includes similar allegations of age discrimination and allegations that Fitzgerald improperly administered Kirby's pension plan. The Court notes that this Motion does not comply with Local Rules 5.1 or 7.1. *See* E.D. Mich. LR

---

[2] *See* Master Contract Between the Fitzgerald Board of Education and the American Federation of State, County, and Municipal Employees Council 25 Local Union 1305, *available at* http://fitz.k12.mi.us/download/business-office/_section_3a_-_listing_of_the_collective_bargaining_agreements/1305%20Contract%202013-2015.pdf (last visited August 18, 2017) (outlining grievance procedure at pages 11-12).

5.1, 7.1. For the same reasons discussed above, the Court denies Kirby's Motion for Judgment Pleading of Relief (Doc # 23).

### H. Kirby's Motion Pleading (Doc # 27), and Fitzgerald's Motion to Strike (Doc # 28)

Kirby's Motion Pleading (Doc # 27) is difficult to understand. It contains many of the same allegations and conclusions as her other Motions including allegations of gender discrimination, improper enrollment in the pension plan, and improper administration of the pension plan. The Court notes that this Motion does not comply with Local Rules 5.1 or 7.1. *See* E.D. Mich. LR 5.1, 7.1. For the same reasons discussed above, the Court denies Kirby's Motion Pleading (Doc # 27). To the extent Kirby cites Fed. R. Civ. P. 31 and moves to compel discovery, the Court denies the Motion because, as discussed above, Kirby's claims are without merit. Accordingly, Fitzgerald's Motion to Strike Kirby's Motion Pleading (Doc # 28) is moot.

### I. Kirby's Motion for Dispositive Order to Dismiss the Entirety of Defendant's Motion for Judgment on the Pleadings (Doc # 34)

Kirby's Motion for Dispositive Order to Dismiss the Entirety of Defendant's Motion for Judgment on the Pleadings (Doc # 34) is difficult to understand. It contains many of the same allegations and conclusions as her other Motions. The Court notes that this Motion does not comply with Local Rules 5.1 or 7.1. *See* E.D. Mich. LR 5.1, 7.1. For the same reasons discussed above, the Court denies

Kirby's Motion for Dispositive Order to Dismiss (Doc # 34). Fitzgerald filed a Response and Motion That Plaintiff Be Prohibited From Filing Further Documents Without First Convening a Conference With the Court and Undersigned Counsel. (Doc # 36) The Court notes that a party may not make a motion within its response. E.D. Mich. Electronic Filing Policies and Procedures R 5(f). In any event, because the Court will dismiss all claims and this action, Fitzgerald's request is moot.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Fitzgerald Public Schools District's Motion for Judgment on the Pleadings (Doc # 14) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Darlene Kirby's Motion for Judgment on the Pleading (Doc # 17) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Darlene Kirby's Motion for Judgment for Relief (Doc # 19) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Darlene Kirby's Motion for Judgment Pleading of Relief (Doc # 23) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Darlene Kirby's Motion Pleading (Doc # 27) is DENIED.

IT IS FURTHER ORDERED that Defendant Fitzgerald Public Schools District's Motion to Strike (Doc # 28) is denied as MOOT.

IT IS FURTHER ORDERED that Plaintiff Darlene Kirby's Motion for Dispositive Order to Dismiss the Entirety of Defendant's Motion for Judgment on the Pleadings (Doc # 34) is DENIED.

IT IS FURTHER ORDERED that Defendant Fitzgerald Public Schools District's Motion That Plaintiff Be Prohibited From Filing Further Documents Without First Convening a Conference With the Court and Undersigned Counsel (Doc # 36) is denied as MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED.


Dated:  August 23, 2017            s/Denise Page Hood
                                   Chief, U.S. District Court


I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2017, by electronic and/or ordinary mail.

                                   s/Julie Owens
                                   Acting in the absence of LaShawn Saulsberry
                                   Case Manager